a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| TOYLAWUD TON TON GALTOGBAH, Plaintiff | CIVIL DOCKET NO. 1:19-CV-00765-P |
| VERSUS | JUDGE DRELL |
| JOHN DOE, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Complaint and Amended Complaint (Docs. 1, 9) filed under Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics[1] by *pro se* Plaintiff Toylawud Ton Ton Galtogbah ("Galtogbah"). Galtogbah is an immigration detainee in the custody of the Department of Homeland Security/U.S. Immigration and Customs Enforcement ("DHS/ICE"). He is being detained at the Adams County Correctional Center in Washington, Mississippi. Galtogbah complains that he was subjected to excessive force while he was incarcerated at the LaSalle Detention Facility ("LDF") in Jena, Louisiana.

Because Bivens liability does not extend to privately-operated prisons, their employees, or ICE, and because Galtogbah does not allege personal involvement by

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

Defendant Nielsen, Galtogbah's Complaint and Amended Complaint (Docs. 1, 9) should be DENIED and DISMISSED WITH PREJUDICE.

I. <u>Background</u>

Galtogbah alleges that, on May 15, 2017, he refused to come out of the recreation yard. (Doc. 1, p. 3). Galtogbah began to jump, pull on the fence, and kick and climb the fence. (Doc. 1, p. 4). Galtogbah claims that Warden Blanchard sprayed him with pepper spray. (Doc. 1, p. 4). Galtogbah fell from the fence and "broke his right knee." (Doc. 1, p. 4). Galtogbah required surgery and spent five months in a cast. (Doc. 1, p. 5). Galtogbah also injured his wrist in the fall. (Doc. 1, p. 4).

II. <u>Law and Analysis</u>

 A. <u>Galtogbah's Complaint is subject to screening under §§ 1915(e)(2) and 1915A.</u>

Galtogbah is a prisoner who has been allowed to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, Galtogbah's Complaints (Docs. 1, 9) are subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See <u>Martin v. Scott</u>, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding in forma pauperis, Galtogbah's Complaints (Docs. 1, 9) are also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

B. **Galtogbah cannot state a claim against LDF Defendants under Bivens.**

Galtogbah names as Defendants LDF Warden Cole, LDF Warden Blanchard, Major Bruce Spence, Lt. Gurganus, Sgt. Roberts, and the LDF medical department. (Doc. 8, p. 3). LDF houses immigration detainees, which "'is a fundamental sovereign attribute exercised exclusively by the legislative and executive branches of the United States government.'" Doe v. Neveleff, 11-CV-907, , at *13 (W.D. Tex. Feb. 8, 2013), report and recommendation adopted, 2013 WL 12098684 (W.D. Tex. Mar. 12, 2013) (quoting Medina v. O'Neill, 589 F.Supp. 1028, 1038 (S.D. Tex. 1984)). "Maintaining an immigrant detention facility is a purely federal function." Id., 2013 WL 489442 at *14. Therefore, Defendants were acting as federal actors.

However, LDF is managed by a private company, GEO Group. See Rroku v. Cole, 1:15-CV-0294, 2016 WL 4821137 (W.D. La. Aug. 11, 2016), report and recommendation adopted, 2016 WL 4821283 (W.D. La. Sept. 9, 2016), aff'd, 726 F.App'x 201 (5th Cir. 2018); https://www.geogroup.com/FacilityDetail/FacilityID/59. Bivens does not apply to private prisons or private prison employees. Minneci v. Pollard, 565 U.S. 118 (2012) (prisoner cannot assert Eighth Amendment Bivens claim

3

against private prison employees); Corrections Services Corporation v. Malesko, 534 U.S. 61 (2001) (Bivens does not apply to private corporate entities); Eltayib v. Cornell Companies, Inc., No. 12–11100, 2013 WL 3242190 at *1 (5th Cir. Apr. 9, 2013) (unpublished) (prisoner could not sue GEO Group or its employees for damages under either § 1983 or Bivens).

In Minneci, a federal prisoner confined at a private prison sought to assert an Eighth Amendment claim of deliberate indifference to his serious medical needs against individual employees of the prison. Id. at 125. The Court held that where a federal prisoner seeks damages from an individual employed at a privately-operated prison for alleged conduct that falls within the scope of traditional state tort law, the prisoner must seek a remedy under state law. Id., at 123-131; Ali v. Immigration & Customs Enf't, 1:16-CV-037, 2017 WL 4325785, at *3 (N.D. Tex. Aug. 29, 2017), report and recommendation adopted, 2017 WL 4296756 (N.D. Tex. Sept. 26, 2017); Villasenor v. GEO Group, Inc., No. 14-CV-92164, 2014 WL 5293444, at *2 (D. Co. Oct. 16, 2014) (citing Minneci to hold that claims for lack of medical care could be brought under state tort law).

C. Galtogbah fails to state a claim against Kirstjen Nielson and ICE.

Galtogbah also names as Defendants ICE and the former DHS Secretary Kirstjen Nielsen. First, a Bivens action cannot be brought against a federal agency, such as ICE. See FDIC v. Meyer, 510 U.S. 471, 484-86 (1994); Moore v. United States Dep't of Agric., 55 F.3d 991, 995 (5th Cir. 1995). Rather, a Bivens action must be premised upon the personal involvement of the named defendants. See FDIC v.

4

Meyer, 510 U.S. 471, 485 (1994) (explaining that it "must be remembered that the purpose of Bivens is to deter the officer"); Guerrero-Aguilar v. Ruano, 118 F. App'x 832 (5th Cir. 2004) (per curiam).

Under Bivens, an individual cannot be held liable under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Instead, a supervisory federal employee or official may be held liable only where he has personal involvement in the acts that caused the deprivation of a constitutional right, or if he implements or enforces a policy that causally results in a deprivation of constitutional rights. See Bustos v. Martini Club Inc., 599 F.3d 458, 468 (5th Cir. 2010); Cronn v. Buffington, 150 F.3d 538, 544-45 (5th Cir. 1998). Galtogbah has not alleged personal involvement by Defendant Nielsen, or that she implemented a policy that causally resulted in the violation of his rights. See Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987) (recognizing that supervisory liability exists without overt personal involvement if supervisory officials implement a deficient policy that is the moving force behind a constitutional violation).

### III. Conclusion

Because Bivens liability does not extend to privately-operated prisons, their employees, or ICE, and because Galtogbah does not allege personal involvement by Defendant Nielsen, Galtogbah's Complaint and Amended Complaint (Docs. 1, 9) should be DENIED and DISMISSED WITH PREJUDICE under §§ 1915(e)(2) and 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 27th day of September 2019.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE